No. 910

STATE ex rel LUEDERS v. BEAMAN, Auditor
STATE ex rel PRICE v. LUEDERS, Probate Judge

Ohio Supreme Court

Nos. 17474, 17475. Decided Dec. 20, 1922

To Appear in —— Ohio State Reports

116. FEES AND COSTS.

Compensation of probate judge may not be changed during his term of office

246. MANDAMUS.

Not the remedy to secure payment of unauthorized fees—Nor to recover back fees paid but not authorized.

PER CURIAM.

Epitomized Opinion

One proceeding in mandamus is brought by the State ex rel Wm. H. Lueders, Hamilton County Probate Judge, against E. S. Beaman, the County Auditor, and another by John H. Price, Attorney General, against Judge Lueders, both involving the same questions, and being presented and argued together. In both cases the question presented is whether a probate judge who was in office when the act (100 OL. 531) 5348 GC., took effect, Feb. 9, 1921, giving him increased compensation for service in inheritance tax proceedings, is entitled to receive and retain such fees, or is debarred from receiving such additional compensation under the constitutional inhibition against changing compensation during the term. The Supreme Court held:

1. Constitutional provision, Art. II, Sec. 20, that the compensation of officers shall not be changed during their term of office applies to probate judges, where the constitution does not fix the term or compensation. (101 OS. 490.)

2. A probate judge was not entitled to mandamus to compel a county auditor to pay a fee for services rendered in inheritance tax proceedings, under 5348-10a GC.

3. Mandamus is not the proper remedy to recover fees paid to a probate judge without authority.

Hough, Wanamaker, Robinson, Jones, Matthias and Clark concur in the first holding, and are of the opinion that the writ cannot issue, to authorize the compensation sought by the relator. Wanamaker, Robinson and Clark hold that such compensation

cannot be allowed probate judges in office, and Jones and Matthias that as the duties of the judges were not increased, judges in office at the time of the enactment are not entitled to benefit of its provisions. All the members agree in the last proposition, that the writ should be denied; that mandamus is not the porper remedy.

Attorneys—Dinsmore, Shohl & Sawyer and Turner, Calland & Summers, Columbus, for Lueders; John G. Price, Clarence D. Laylin, Columbus, Ray Martin, Cleveland, Louis Capelle and Charles L. Bell, Cincinnati, for State.